SHANNON LISS-RIORDAN, *pro hac vice*
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

MONIQUE OLIVIER (SBN 190385)
(molivier@dplolaw.com)
DUCKWORKTH, PETERS, LEBOWITZ, OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:     (415) 433-0333
Facsimile:     (415) 449-6556

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(OAKLAND DIVISION)**

| | |
|---|---|
| BAIKUNTHA KHANAL, GROVER SANCHEZ, JORGE MELCAR, CLEMENTE FLORENDO, JOSE ALBANIL MARTIN, CLAUDIA BECERRA, LOURDES CASTILLA, SAMUEL NAVARRETE, FROYLAN ARMENTA, SILVIA LOPEZ, CARLOS GONZALEZ, GIMIN MORALES, LEO HERNANDEZ, SAMUEL RAMIREZ, FANNY GUILLEN, DIEGO MORALES, YEDER MORALES, JANET CARBONEL, WILFREDO CHAFLOQUE, EVELYN LUARCA, OSCAR PEREZ-HOYOS, HUI XIAU MORI, ALFONSO CARO, EDUARDO GONZALEZ, and CARI FERNANDEZ individually and on behalf of all others similarly situated, | Case No. 14-01523-JSW |
| | **FIRST AMENDED COMPLAINT (CLASS ACTION COMPLAINT) AND JURY DEMAND** |
|            Plaintiffs, | |
|            v. | |
| SAN FRANCISCO HILTON, INC. | |
|            Defendant. | |

## I.    INTRODUCTION

1.    This is a class action brought under California law challenging the defendant's failure to remit the total proceeds of gratuities that have been added to bills for food and beverage to food and beverage service employees.  As set forth below, Defendant San Francisco Hilton, Inc. has imposed gratuities on the sale of food and beverages at its hotel located on Union Square, 333 O'Farrell Street, San Francisco, California, but it has failed to distribute the total proceeds of these gratuities to these employees as required by California law.  This conduct violates the California Gratuities Law, California Labor Code § 351, which is enforceable through the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL").

2.    Plaintiffs bring this action on their own behalf, and on behalf of all food and beverage service employees who have worked at the San Francisco Hilton (Union Square) at any time during the relevant statute of limitations.

## II.    PARTIES

3.    The named plaintiffs are Baikuntha Khanal, Grover Sanchez, Jorge Melcar, Clemente Florendo, Jose Antonio Albanil Martin, Claudia Becerra, Lourdes Castilla, Samuel Navarrete, Froylan Armenta, Silvia Lopez, Carlos Gonzalez, Gimin Morales, Leo Hernandez, Samule Ramirez, Fanny Guillen, Diego Morales, Yeder Morales, Janet Carbonel, Wilfredo Chafloque, Evelyn Luarca, Oscar Perez – Hoyos, Hui Xiau Mori, Alfonso Caro, Eduardo Gonzalez, and Cari Fernandez who have, within the applicable statute of limitations, worked as food and beverage service employees (including as

2

FIRST AMENDED COMPLAINT (CLASS ACTION COMPLAINT) AND JURY DEMAND

bussers or servers) at the San Francisco Hilton hotel located at 333 O'Farrell Street, San Francisco, California.

4.      Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other behalf of all food and beverage service employees who have worked at the San Francisco Hilton (Union Square) at any time during the relevant statute of limitations.  This class satisfies all the requirements of California Code of Civil Procedure § 382.[1]

5.      Defendant San Francisco Hilton, Inc. operates a hotel located at 333 O'Farrell Street, San Francisco, California, and employs the named plaintiffs and proposed class members.

### III.      STATEMENT OF FACTS

6.      At the San Francisco Hilton (Union Square), Defendant adds gratuities to customers' bills for food and beverage service.

7.      These gratuities are added for a number of types of food and beverage service, including but not limited to banquets, events, buffets, coffee service, and room service.

8.      However, the defendant does not remit the total proceeds of these gratuities to the employees who serve the food and beverages.

9.      Instead, the defendant has a policy and practice of retaining for itself a portion of these gratuities.

---

[1]      Plaintiffs contend that, with the amending of this Complaint, the federal court does not have jurisdiction over this case, and Plaintiffs intend to file a motion to remand this case to state court, where their original complaint was filed.  Thus, Plaintiffs assert that this case satisfies the requirements of a class action under the state class action requirements of California Code of Civil Procedure § 382.

FIRST AMENDED COMPLAINT (CLASS ACTION COMPLAINT) AND JURY DEMAND

10.   In addition, the defendant uses a portion of the gratuities to pay managers or other non-service employees who do not serve food and beverages.

11.   As a result, the named and class plaintiffs have not received the total proceeds of the gratuities, to which they are entitled under California law.

## IV.   CLASS ACTION ALLEGATIONS

12.   Plaintiffs bring this action as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all food and beverage service employees who have worked at the San Francisco Hilton (Union Square), 333 O'Farrell Street, San Francisco, California, at any time during the relevant statute of limitations.

13.   Plaintiffs and class members have been deprived of gratuities that were not remitted to them.

14.   The members of the class are so numerous that joinder of all class members is impracticable.

15.   Common questions of law and fact regarding Defendant's conduct with respect to gratuities exist as to all members of the class and predominate over any questions affecting solely any individual members of the class.  Among the questions of law and fact common to the class are:

   a.   Whether Defendant has charged customers gratuities for class members' services;

   b.   Whether Defendant failed to distribute the total proceeds of those gratuities to the class members;

   c.   Whether Defendant retained a portion of the gratuities for itself;

FIRST AMENDED COMPLAINT (CLASS ACTION COMPLAINT) AND JURY DEMAND

d.   Whether Defendant used a portion of the gratuities to pay managers or other non-service employees;

e.   Whether California law requires the distribution of all gratuities to food and beverage service employees, including gratuities that are added to bills automatically by the employer.

16.   The named plaintiffs are members of the class, who suffered damages as a result of Defendants' conduct and actions alleged herein.

17.   The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

18.   The named plaintiffs will fairly and adequately represent and protect the interests of the class.  The named plaintiffs have retained able counsel experienced in class action litigation.

19.   The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

20.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for all the members of the class individually to redress the wrongs done to them.  The class is readily definable and prosecution of this action as a class action will

eliminate the possibility of repetitive litigation.  There will be no difficulty in the

management of this action as a class action.

## COUNT I

### Statutory Gratuity Violation

21.  Defendant's conduct, as set forth above, in failing to remit to service employees the total

proceeds of gratuities collected from customers constitutes a violation of California

Labor Code § 351.  This violation is enforceable pursuant to the California Unfair

Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant's conduct

constitutes unlawful, unfair, or fraudulent business acts or practices, in that Defendant

has violated California Labor Code § 351 in not remitting to the service employees the

total gratuities that are charged to customers. As a result of Defendant's conduct,

Plaintiffs and class members suffered injury in fact and lost money and property,

including the loss of gratuities to which they were entitled. Pursuant to California

Business and Professions Code § 17203, Plaintiffs and class members seek declaratory

and injunctive relief for Defendant's unlawful, unfair, and fraudulent conduct and to

recover restitution.  Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs

and class members are entitled to recover reasonable attorneys' fees, costs, and expenses

incurred in bringing this action.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this case be certified as a class action; that they be

awarded restitution for all charged gratuities which were not remitted to the service

6

FIRST AMENDED COMPLAINT (CLASS ACTION COMPLAINT) AND JURY DEMAND

employees; and that they be awarded pre- and post-judgment interest; reasonable attorneys' fees, costs, and expenses; and any other relief to which the plaintiffs may be entitled.

Respectfully submitted,

LICHTEN & LISS-RIORDAN, P.C.

By:  ___/s/ Shannon Liss-Riordan___
Shannon Liss-Riordan, *pro hac vice*

Attorney for Plaintiffs
BAIKUNTHA KHANAL, GROVER SANCHEZ, JORGE MELCAR, CLEMENTE FLORENDO, JOSE ALBANIL MARTIN, CLAUDIA BECERRA, LOURDES CASTILLA, SAMUEL NAVARRETE, FROYLAN ARMENTA, SILVIA LOPEZ, CARLOS GONZALEZ, GIMIN MORALES, LEO HERNANDEZ, SAMUEL RAMIREZ, FANNY GUILLEN, DIEGO MORALES, YEDER MORALES, JANET CARBONEL, WILFREDO CHAFLOQUE, EVELYN LUARCA, OSCAR PEREZ-HOYOS, HUI XIAU MORI, ALFONSO CARO, EDUARDO GONZALEZ, and CARI FERNANDEZ individually and on behalf of all others similarly situated,

Dated:      April 28, 2014

FIRST AMENDED COMPLAINT (CLASS ACTION COMPLAINT) AND JURY DEMAND