UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE R FLORENDO, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>SF HILTON LLC, et al.,<br><br>  Defendants. | Case No. 14-cv-01523-JSW<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 106 |

Now before the Court is the motion for class certification filed by Plaintiffs. Plaintiffs seek to certify a class of all non-managerial service employees who have worked for Defendant San Francisco Hilton between January 6, 2010 and the present and who have received a portion of the food and beverage service charge. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court HEREBY GRANTS Plaintiffs' motion.

**BACKGROUND**

Plaintiffs filed this proposed class action lawsuit to allege a violation of Section 351 of the California Labor Code. This section provides that "[n]o employer or agent shall collect, take, or receive any gratuity or part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer." Plaintiffs here allege that Defendant San Francisco Hilton includes a service charge in its bookings for banquets and large events at the hotel and provides only a portion of the charge to its non-managerial service employees and instead retains a portion of this service charge for itself and distributes a portion to managerial employees. This practice, Plaintiffs allege, violates Section 351 of the California Labor Code as the service charge

1  constitutes a gratuity which, they allege, should properly be distributed in full to the non-
2  managerial service employees who staffed the events.

3  Plaintiffs now move the Court to certify a class of these non-managerial staff.

## ANALYSIS

**A.      Legal Standard.**

Class certification is governed by Federal Rule of Civil Procedure 23. Under Rule 23(a), a court may certify a class only if (i) the class is so numerous that joinder of all members is impracticable, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (iv) the representative parties will fairly and adequately protect the interests of the class. *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007). Plaintiffs also bear the burden to show they can satisfy at least one of the factors set forth in Rule 23(b). *Id.*

Under Rule 23(b), a class action may be maintained if Rule 23(a) is satisfied *and* if: (i) separate actions by or against individual class members would risk: (a) inconsistent results with respect to individual class members that would impose inconsistent requirements on the defendant, or (b) results for individual class members dispositive of other members' interests or which would substantially impair or impede class members' ability to protect their interests; (ii) the party opposing the class has acted on grounds that apply generally to the class, so that declaratory relief is appropriate; or (iii) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

A party seeking to certify a class must "affirmatively demonstrate" compliance with Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A court must conduct a "rigorous analysis" of the Rule 23 factors, which necessarily entails "some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. However, a court may consider merits questions only to the extent such questions are relevant to determining whether the moving party has met its burden to satisfy the Rule 23 prerequisites. *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). The decision to grant or deny class certification is within the trial court's discretion.

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate … compliance with the Rule – that is, [they] must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). A court must conduct a "rigorous analysis" of the Rule 23 factors, which "will entail some overlap with the merits of the plaintiff's underlying claim." *Id.* at 351. However, a court has "no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).

As the moving party, Plaintiffs bear the burden to show they meet each of Rule 23(a)'s requirements and that they meet at least one requirement under Rule 23(b). *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 724 (9th Cir. 2007).

## B.     Numerosity and Commonality.

There is no dispute that the number of potential class members of current and former banquet servers and bussers at Defendant's hotel is numerous. The numerosity requirement is clearly met where, as of June 2017, at least 399 individuals had been employed by Defendant in the banquet department as non-managerial service staff (namely servers, bussers, bartenders, or barbacks).

Second, the requirement of commonality is met where there is "a common core of salient facts coupled with disparate legal remedies within the class." *Smith v. Cardinal Logistics Mgmt. Corp.*, 2008 WL 41456364, at *5 (N.D. Cal. Sept. 5, 2008). Here, there is no dispute that Defendant used a common scheme for the treatment of the service charges for its banquet and event services. Accordingly, the Court finds that Plaintiffs have satisfied their burden to demonstrate a common practice of Defendant failing to pay service employees the entire amount designated as service charges. *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 338 (S.D.N.Y. 2010) ("[C]ommonality is clearly satisfied in this instance: class members assert the same legal claim …

3

against the service charge policy that was in all material respects nearly identical for each plaintiff and for each event. Even granting that there were slight variations in the way this service charge was presented to clients, the service charge was collected and distributed in an essentially uniform manner."). The relevant standard for determining whether a customer would understand Defendant's service charge to be a gratuity for service employees is an objective "reasonable customer standard." *See, e.g., O'Connor v. Uber Technologies, Inc.*, 2013 WL 6354534, at *8 (N.D. Cal. Dec. 5, 2013) (employing a "reasonable customer standard" when adjudicating a claim under California Labor Code section 351); *see also Mooney v. Domino's Pizza, Inc.*, 2016 WL 4576996, at *4 (D. Mass. Sept, 1, 2016) (holding that defendant's "proposed interpretation would make the Tips Act effectively unenforceable even in single-plaintiff litigation, as no employee would be able to litigate the specific circumstances of the individual customer interactions, undoubtedly resulting in situations in which employees were improperly deprived of tips."). Having reviewed the record in this matter, the Court finds that Plaintiffs have established commonality with regard to whether an objectively reasonable customer would regard the service charge income as a gratuity and whether it was properly distributed.

**C.    Typicality.**

Rule 23 requires showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement tests whether other members have an injury similar to that of the named plaintiffs and whether other class members "have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). The purpose of this requirement is to assure that the named plaintiffs' interests align with the interests of the putative class members. *Wolin v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168, 1175 (9th Cir. 2010). Under this "permissive" standard, representative claims are "typical" if they are "reasonably coextensive with those of absent class members." *Sandoval v. M1 Auto Collisions Cntrs.*, 309 F.R.D. 549, 568–69 (N.D. Cal. 2015) (citation omitted).

Here, the record demonstrates that all of Plaintiffs' claims are predicated upon Defendant's uniform practices of charging a service charge on food and beverages at their events and failing to

remit that service charge in full to its service staff. Accordingly, the Court finds the typicality requirement is satisfied.

### D. Adequacy.

Rule 23(a)(4) requires a showing that the named Plaintiffs and counsel will fairly and adequately protect the interests of the class. Adequacy may be satisfied by establishing (i) that the named plaintiffs and their counsel have no conflicts of interest with other class members and (ii) that the named plaintiffs and their counsel will "act vigorously" on behalf of the class. *Senne v. Kan. City Royals Baseball Corp.*, 315 F.R.D. 523, 569-70 (N.D. Cal. 2016) (citations and internal questions omitted). The adequacy requirement is satisfied as long as one of the named class representatives is adequate. *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 961 (9th Cir. 2009). To determine class counsel's adequacy, courts must consider the work counsel have done in the action, their experience in similar actions, their knowledge of applicable law, and the resources they are able to commit. Fed. R. Civ. P. 23(g). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," including counsel's "reputation built upon past practice" and "counsel's competence displayed by present performance." *Abikar v. Bristol Bay Native Corp.*, No. 17-cv-1036, 2018 WL 6738017, at *13 (S.D. Cal. Dec. 21, 2018).

Here, counsel for Plaintiffs have demonstrated they will provide adequate representation to the named and unnamed class members. First, there is no potential conflict between the named Plaintiffs and the other class members since they are all challenging the same practices uniformly applied to all class members. Second, Plaintiffs have retained counsel with extensive expertise in prosecuting wage and hour cases, with a particular specialty in recovering gratuities labeled as service charges and not remitted to service staff. The Court has reviewed the litany of similar cases litigated by Plaintiffs' counsel and finds counsel more than adequate to represent the proposed class. Accordingly, the Court finds the adequacy requirement is satisfied.

### E. Predominance.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S.

591, 623 (1997). The focus is "on the relationship between the common and individual issues. When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). The predominance inquiry focuses on "the legal or factual questions that qualify each class member's case as a genuine controversy" to determine "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "[T]he common questions must be a significant aspect of the case that can be resolved for all members in a single adjudication." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) (internal citations omitted). The ultimate question raised by the predominance requirement is whether the issues that may be jointly tried, as compared to those needing separate adjudication, are so numerous or substantial as to indicate that the class action mechanism would be advantageous to the judicial process or to the litigants. *See Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1021 (2012).

Here, the Court finds that the issues likely to be presented by the claims in this case are common to the class. First, the claims are premised upon a common policy or practice employed by Defendant to collect certain fees from customers and distribute those fees. Plaintiffs' claims all turn on the straightforward factual issue of whether or not the service charge imposed by Defendant for banquets and other events at which food and beverages were served, should be remitted to employees who served the food and beverages as gratuity income, and whether a reasonable patron would understand the charge to be a gratuity for the service staff working the event. Thus, Plaintiffs have established that their claims rely upon common evidence to determine whether a violation of California law occurred. Deciding this question will be premised upon common evidence regarding what reasonable customers would have understood about the service charge and will rely upon a limited set of discrete documents provided to customers by Defendant (contracts, Banquet Event Order forms (BEOs), menus/website, and check receipts). There is no dispute that Defendant engages in common practices and uses a common set of documents when

engaging clients for banquet events.

Accordingly, the Court finds the predominance requirement is satisfied.

## CONCLUSION

Having found that Plaintiffs have satisfied the requirements of Federal Rule of Civil Procedure 23, the Court finds that a class action is the superior mechanism for addressing the multitude of workers' potential claims in this matter. Where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234-35 (9th Cir. 1996). Here, the costs associated with litigation for each banquet service worker individually would result in dramatic increase in expense, duplication of discovery, and potential for inconsistent results, and for many, an individual litigation would not be worth the possible individual recovery. Accordingly, the Court GRANTS the motion and hereby certifies a class of all non-managerial service employees who have worked for Defendant between January 6, 2010 and the present and who have received a portion of the food and beverage service charge.

The Court HEREBY SETS a further status conference for February 4, 2022 at 11:00 a.m. The parties shall file a joint status conference by no later than January 28, 2022.

**IT IS SO ORDERED.**

Dated: January 3, 2022

JEFFREY S. WHITE
United States District Judge