UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SAN FRANCISCO HILTON, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-01523-JSW<br><br>**ORDER RE JURISDICTION, DENYING MOTION TO AMEND, DENYING MOTION FOR SUMMARY JUDGMENT, AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 140, 148, 157, 161 |

　　　　Now before the Court is the motion for summary judgment and motion to strike customer declarations, both filed by Defendant San Francisco Hilton Management, LLC ("Defendant" or "Hotel"). (Dkt. Nos. 140, 148.) Also before the Court are the parties' responses to the Court's Order to Show Cause ("OSC") regarding whether the Court may or should exercise supplemental jurisdiction over Plaintiffs' remaining California Labor Code claim. (Dkt. No. 157.) Included in Plaintiffs' responses to the OSC is a motion to amend their complaint for the fourth time to add an additional individual defendant. (Dkt. No. 161.)

　　　　For the reasons stated herein, the Court finds that it has exercised and will continue to exercise supplemental jurisdiction over Plaintiffs' existing claim under California Labor Code 351. Further, the Court DENIES Plaintiffs' motion to amend. Finally, the Court DENIES

Defendant's motion for summary judgment and DENIES Defendant's motion to strike the customer declarations.

**BACKGROUND**

**A.      Procedural Background and Jurisdictional Analysis.**

This case was originally filed in San Francisco Superior Court on January 6, 2014. Plaintiffs brought claims under the California Labor Code and under the Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 *et seq*, alleging that Defendant had not paid service charges owed to Plaintiffs as required by the parties' Collective Bargaining Agreement ("CBA"). (Dkt. No. 1-1.) On April 2, 2014, Defendant timely removed the case to this Court under United States Code sections 1331 and 1441, on the basis that resolution of Plaintiffs' claims would require the Court to interpret one or more provisions of the parties' CBA, thereby bestowing upon this Court original jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"). (Dkt. No. 1.)

Thereafter, Defendant moved for judgment on the pleadings on preemption grounds. (Dkt. No. 15.) In response, and with new counsel, Plaintiffs filed an Amended Complaint alleging only a single cause of action under California's UCL on behalf of a purported class of "all food and beverage service employees" at the Hotel during the relevant period. (Dkt. No. 46.) With this amendment, Plaintiffs dropped all references to the parties' CBA, although the claims were still asserted on behalf of a represented class and related to service charges addressed in the parties' CBA.

On May 23, 2014, Defendant moved to dismiss the Amended Complaint on the basis that Plaintiffs had attempted to artfully plead around preemption. (Dkt. No. 56.) While Defendant's motion was pending, Plaintiffs moved to remand and argued that their UCL claim was not preempted by Section 301 because it relied upon California statutory law and not the parties' CBA. (Dkt. No. 82.) In an order dated March 9, 2015, this Court granted Defendant's motion to dismiss and denied Plaintiffs' motion to remand. (Dkt. No. 86.) The Court found that it would have to interpret the terms of the parties' CBA, thus finding that the Court had federal jurisdiction but dismissed the claims. (*Id.*)

2

Plaintiffs appealed that order and the Ninth Circuit reversed and remanded to this Court with instructions to "decide in the first instance whether to exercise supplemental jurisdiction over Plaintiffs' California Labor Code § 351 claim." (Dkt. No. 92 at 5; *Khanal v. San Francisco Hilton*, 681 F. App'x 624, 626 (9th Cir. 2017).)

However, on remand, on April 10, 2018, the Court entered a stipulated stay of this matter, pending a decision by the California Court of Appeals in *O'Grady v. Merchant Exchange Productions Inc. dba The Julia Morgan Ballroom*, A148513, and/or *Robinson v. Ritz-Carlton Hotel Company LLC dba The Ritz*, A150239. (Dkt. No. 95.) Then, on September 24, 2020, the Court granted the parties' stipulation to lift the stay and, thereafter on December 14, 2020, set case management dates and deadlines. (Dkt. Nos. 103, 105.) The case then proceeded through discovery and dispositive motions, and the parties did not raise and the Court did not address the issue of whether to exercise supplemental jurisdiction, given that Plaintiffs' only remaining cause of action arose under state law.

It was only after substantial work invested in this matter that the Court ordered the parties to show cause and address the Ninth Circuit's directive that the Court consider whether to exercise supplemental jurisdiction. (Dkt. No. 157.) In the course of responding to the order to show cause, Defendant argued that "jurisdiction must be analyzed only on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998). Defendant also responded that, not only did Plaintiffs' original complaint establish federal jurisdiction upon removal, but the Court now also has jurisdiction over Plaintiffs' amended complaint under the Class Action Fairness Act ("CAFA"). (Dkt. No. 159.) In response to that argument, Plaintiffs sought leave to amend their complaint to add an individual, Michael Dunne, "who was the General Manager of the Hilton San Francisco for a large portion of the class period, as a Defendant, which would allow this case to return to state court in light of the local controversy exception to CAFA." (Dkt. No. 161 at 1.)[1] The Court is not persuaded by either party's contentions.

---

[1] Plaintiffs fail to demonstrate good cause for their delay in seeking an amendment pursuant to Federal Rule of Civil Procedure 16(b). Similarly, Plaintiffs fail to establish that

3

However, regardless of the parties' positions, the Court finds that the question whether to exercise supplemental jurisdiction over a state law claim is a question committed to the discretion of the Court. Accordingly, the Court in its discretion exercises supplemental jurisdiction over Plaintiffs' California Labor Code § 351 claim.

**B.      Factual Background.**

Plaintiffs, current and former banquet servers and bussers at the Hilton Hotel, sue pursuant to California Labor Code section 351 ("Section 351") which allocates gratuities directly to employees in the service industry. Plaintiffs challenge Defendants' failure to remit the total proceeds of the service charges collected at banquets and other large events held at the Hotel to those employees providing the food and beverage service for these events from January 6, 2010, through the present.

During that timeframe, Defendant consistently imposed a service charge on its bills for banquet events amounting to between 20 to 25 percent of the total cost of food and beverage at the event. Plaintiffs contend that an objectively reasonable banquet customer would understand this charge to be a gratuity for the service staff and, as such, the charge would be treated as a gratuity under California law and remitted entirely to the service workers at the event. Instead, Defendant argues that the service charge is not a gratuity and contend that the Hotel legitimately maintained a policy of retaining a portion of the service charge for itself and remitting a portion to managers who are otherwise ineligible to participate in a tip pool.

The Court will address additional facts as necessary in its order.

---

amendment at this late stage in the proceedings is warranted pursuant to Federal Rule of Civil Procedure 15(a)(2). In addition, the untimely request to amend the complaint in order to avoid federal jurisdiction is suspect. Accordingly, Plaintiffs' motion to amend the complaint is DENIED.

4

# ANALYSIS

**A.  Legal Standard on Motion for Summary Judgment.**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id.*

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.  *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014).

**B.     Evidence Regarding Understanding of the Term Service Charge.**

In order for Defendant to prevail on its motion for summary judgment, there must be no reasonable confusion regarding the understanding of the term "service charge" as designated in the contracts with event providers.  As the moving party, Hilton has the burden to demonstrate that the undisputed evidence establishes that the Hotel's customers understood that the mandatory service fees they paid for all events were not gratuities destined to be divvied up to servers at the events. Defendant contends that Plaintiffs have failed to identify "(i) a single Hotel customer who intended or understood that their service charge [would] be distributed entirely to non-managerial employee[s]; (ii) a single set of documents from which a reasonable customer would conclude that

5

the service charge was a gratuity distributed entirely to non-managerial employees; or (iii) any evidence at all to suggest that there is a custom in the banquet industry to treat sums designated as service charges as gratuities." (Dkt. No. 140, Motion at 2.)

The premise of Defendant's motion for summary judgment is that there is no disputed fact regarding whether a reasonable customer could determine that the mandatory service fees charged for banquet events by the Hotel could have been expected to be allocated to service staff as a gratuity for their services. Defendant has failed to meet their burden to demonstrate that there is no evidence from which a reasonable customer could understand that the mandatory fees were considered gratuities.

California Labor Code section 350(e) defines "gratuity" to include "any tip, gratuity, money, or part thereof that has been paid or given to or left for an employee by a patron of a business over and above the actual amount due the business for services rendered or for food, drink, or articles sold or services to the patron." Section 351 of the Labor Code provides:

> No employer or agent shall collect, take, or receive any gratuity or a part thereof that is pair, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for.

As was made clear in the legislative history of the passage of this code section, "The Legislature wanted to protect employees from employers who used their positions to unfairly command a share of the employee's tip." *O'Grady v. Merchant Exchange Productions, Inc.*, 41 Cal. App. 5th 771, 778 (2019) (quoting *Chau v. Starbucks Corp.*, 174 Cal. App. 4th 688, 696 (2009)). "The purpose of section 351 is to prevent employers from using any gratuity-related practice which reduces an employee's wages, or appropriates monies belonging to employees, practices which are condemned as a 'fraud upon the public.'" *Id.* (citations omitted).

After the decision in *O'Grady*, under California law, a mandatory service charge can indeed be considered a gratuity entitled to protection if a reasonable customer would believe the

6

charge was a gratuity intended for the benefit of banquet servers.[2] Where factual issues exist as to whether an objectively reasonable customer could understand the service charge assessed to be a gratuity, summary judgment is not an appropriate outcome. *See O'Grady*, 41 Cal. App. 5th at 779. There "is no categorical prohibition why what is called a service charge cannot also meet the statutory definition of a gratuity." *Id.* at 773.

In assessing whether a service charge is considered a gratuity by a reasonable customer in the industry, the Court may consider several factors. *See O'Grady*, 41 Cal. App. 5th at 788. In particular, the Court may look at various pieces of evidence of the surrounding context, including: (1) any written contracts between the parties; (2) the subjective intentions of the customers; and (3) custom and practice in the industry. *See, e.g. Ordono v. Marriott International, Inc.*, CGC-16-550454 at 16 (May 11, 2022); *O'Grady v. Merchant Exchange Prods., Inc. dba Julia Morgan Ballroom*, CGC-15-54779 at 7 (May 10, 2022).[3]

   **1.**   **Written Contracts.**

Having reviewed the record, the Court finds that there are several different drafts and types of disclosures in the contracts at issue between the Hotel and its banquet customers. These iterations of contracts and the timing and circulation of the various contracts remain issues of disputed fact. Even in the contracts at issue in which a disclaimer regarding the service charge exists, the Court finds that the adequacy of the disclaimer must be viewed in the context of the totality of the circumstances to determine whether any disclaimer was effective to the objectively reasonable customer. *See, e.g., Carpeneda v. Domino's Pizza, Inc.*, 991 F. Supp. 2d 270, 274

---

[2] The Court finds that it employed the very same "objectively reasonable customer" standard in its previous order granting Plaintiffs' motion for class certification. (Dkt. No. 122, Order at 4, 6.)

[3] These state court opinions are attached to Plaintiffs' request for judicial notice. (Dkt. No. 145, Exs A, B.) A court can take judicial notice of the existence of public records or court documents, but it may not take judicial notice of disputed facts in those documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (internal citations omitted) (holding that courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts."). The Court GRANTS Plaintiffs' request to take notice and has reviewed these state court opinions. The Court also GRANTS Defendant's request for judicial notice for the same reasons and has reviewed the full record submitted by the parties. (Dkt. No.141.)

7

1   (2014). In addition, in some of the iterations of the contract, the service charge is broken up into
2   two separate sub-parts with service charge and gratuity treated as separate items. In those
3   contracts, it is unclear whether the itemized gratuity portion, as opposed to the service charge, is
4   indeed distributed as a pooled gratuity in compliance with Section 351. (*See, e.g.,* Dkt. No. 144-
5   17.[4])

### 2. Subjective Intentions of the Customers.

Although the Court finds that the customers' subjective intent may be important in determining whether a particular payment constitutes a gratuity, it is not independently determinative. *See O'Grady*, 41 Cal. App. 5th at 789 ("there are decisions treating the patron's intent as unascertainable, if not irrelevant") (citing cases). "The universe of patrons may be small, and their intent vis-à-vis the mandatory 'service charge' may be more subject to discovery than that of ordinary restaurant diners." *Id*. However, "the tip pool decisions accept that voluntary donative intent is not decisive. . . . The customer may intend the gratuity left to go only to the individual who personally served him or her at the table, but the employer's tip pool sharing policy will be enforced. In other words, the customer's intent is not necessarily dispositive, or even consulted." *Id*. at 789-90.

Regardless, the Court finds that there are disputes of fact regarding the subjective intentions and understanding of the Hotel's customers. In opposition to the motion for summary judgment, Plaintiffs submit three customers' declarations indicating that each patron thought the service charges on their event at the Hotel constituted a gratuity that would inure to the benefit of the banquet service staff. (Dkt. Nos. 144-39, 144-40, 144-41.)[5] In addition, the record indicates that customers rarely voluntarily tipped on top of the mandatory service charge. (Dkt. No. 144-1,

---

[4] Plaintiffs contend that the portion entitled gratuity on this form of the contract was distributed to others not qualified to be included in the tip pool, such as banquet managers. The Court finds that Plaintiffs' request for restitution under the UCL for their property interest in the amounts diverted from the class raises another issue of disputed fact not suitable for summary adjudication.

[5] Defendant separately moves to strike the customer declarations pursuant to Federal Rule of Civil Procedure 37 as late disclosures and significantly prejudicial. The Court DENIES Defendant's motion to strike as the customers' information was known to Defendant and was sufficiently disclosed in Plaintiffs' initial disclosures.

8

Deposition of John Bernier at 113:11-115:11, 117:1-18.)  This additional evidence, viewed in the light most favorable to the non-moving party, suggests that customers believed the service charge constituted a gratuity.  *See, e.g., Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. supp. 2d 253, 286-87 (S.D.N.Y. 2011) (holding that "the 'rare' additional gratuity on top of the Banquet Service Charge is consistent with a general customer expectation that the Banquet Service Charge is a gratuity, but that additional amounts can be given in appreciation of extraordinary service.").

The issue of whether the patrons understood the contracts they signed to include a mandatory gratuity remains a question of fact, to be determined by a jury.

### 3.  Custom and Practice in the Industry.

Lastly, the Court may also consider evidence of custom and practice in the hospitality industry to determine whether "to treat sums designated as 'service charges' as gratuities for employees."  *O'Grady*, 41 Cal. App. 5th at 789.  Evidence of the industry custom and practice is admissible, "analogous to that in negligence actions, where juries routinely are instructed that they may consider customs or practices in the community in deciding whether a party acted reasonably."  *O'Grady*, CGC-15-547796 at 9 (citations omitted).  As the California Supreme Court explained, "the use of objectified mental states as a legal standard is a familiar feature of Anglo-American law.  Juries are routinely asked, for example, to place themselves in the position of the 'reasonable person' in resolving questions of negligence liability.  The standard is not confined to tort law."  *Id.* at 9-10 (citing *Cotran v. Rollins Hudig Hall Int'l, Inc.*, 17 Cal. 4th 106 n. 3 (1998)).

The Court finds that Defendant has failed to meet its burden to demonstrate that there are no disputed facts regarding the understanding of a reasonable customer of the service charge. Accordingly, the Court DENIES the motion for summary and finds that a jury will have to decide what an objectively reasonable customer would have understood the mandatory service charge to be after viewing all of the evidence.

### CONCLUSION

Based on the foregoing, the Court: (1) in its discretion exercises supplemental jurisdiction over Plaintiffs' California Labor Code section 351 claim; (2) DENIES Plaintiffs' motion to

1  amend; (3) DENIES Defendant's motion for summary judgment; and (4) DENIES Defendant's
2  motion to strike the customer declarations.
3      Further, the Court SETS a case management conference for October 6, 2023.  The parties
4  shall file a joint case management conference statement by not later than September 29, 2023.

6  **IT IS SO ORDERED.**
7  Dated: August 8, 2023

                                                   JEFFREY S. WHITE
                                                   United States District Judge

United States District Court
Northern District of California

10