UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN FRANCISCO HILTON, INC.,<br><br>    Defendant. | Case No. 14-cv-01523-JSW<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS**<br><br>Re: Dkt. No. 169 |

Now before the Court is the motion to certify for interlocutory appeal the Court's order denying Defendant Hilton Management LLC's motion for summary judgment and for a stay of proceedings. Pursuant to 28 U.S.C. section 1292(b), the Court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Coopers & Lybrand*, 437 U.S. at 475. A court has substantial discretion to decide whether to grant a motion for certification. *Valdovinos v. McGrath*, No. C02-1704-CW, 2007 WL 2023505 at *2 (N.D. Cal. July 12, 2007) (citing *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996)).

1    Here, the Court concludes that Defendant has not met its burden, and the Court declines to
2    exercise its discretion to certify the order denying summary judgment.  In particular, the Court
3    finds that Defendant has not demonstrated the existence of exceptional circumstances which
4    would warrant an interlocutory appeal.  The summary judgment decision concluded that various
5    "iterations of contracts and the timing and circulation of the various contracts remain issues of
6    disputed fact" and that "[e]ven in the contracts at issue in which a disclaimer regarding the service
7    charge exists, the Court finds that the adequacy of the disclaimer must be viewed in the context of
8    the totality of the circumstances to determine whether any disclaimer was effective to the
9    objectively reasonable customer."  (Order, Dkt. No. 165 at 7.)  In its order denying summary
10   judgment, the Court found that, in addition to the Banquet Event Order forms after June 2015,
11   Defendant provided its banquet customers with other contracts, invoices, and menus that
12   addressed the disputed service charge.  This finding raises a disputed issue of fact with regard to
13   the totality of the circumstances of the banquet contracts and Defendant's associated
14   representations.  The Court found that the adequacy of any particular disclaimer in the hotel's later
15   documents, when viewed in conjunction with other potentially inconsistent descriptions of the
16   service charge, was a matter upon which an objectively reasonable customer could determine their
17   understanding whether the charge constituted a gratuity or not.  The Court does not find that this is
18   an exceptional case as a matter of law.

19   In addition, Defendant does not meet its burden to show that a "substantial ground for
20   difference of opinion" exists.  "Courts traditionally will find that a substantial ground for
21   difference of opinion exists where 'the circuits are in dispute on the question and the court of
22   appeals of the circuit has not spoken on the point, if complicated questions arise under foreign
23   law, or if novel and difficult questions of first impression are presented.'"  *Wood v. IGate Techs.,*
24   *Inc.*, No. 3:15-CV-0799 JSW, 2015 WL 13345325, at *6 (N.D. Cal. Aug. 11, 2015) (citing *Couch*
25   *v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)).  "[J]ust because a court is the first to rule on
26   a particular question or just because counsel contends that one precedent rather than another is
27   controlling does not mean there is such a substantial difference of opinion as will support an
28   interlocutory appeal." *Id.* (internal quotation omitted).  Here, although there is relatively little

caselaw on the issue, the two cases cited by Defendant and decided by the same judge are distinguishable on the basis that the disclaimers in those cases were all consistent while here the record reflects that the Banquet Event Order forms and other related documents may have presented inconsistent representations.

Lastly, the Court finds that certification of an interlocutory appeal would not materially advance the ultimate termination of the litigation. Although it may give clarity to Defendant's position if they were to prevail, the remainder of the case prior to 2015 would still have to be tried and this case has already been pending before this Court for nearly ten years and the trial is finally scheduled for next year. The Court finds that at this procedural posture, an interlocutory appeal would prolong rather than advance resolution of this matter. The Court finds Defendant has not met its heavy burden to show that its request for an interlocutory appeal would materially advance the ultimate termination of this litigation.

The Court, in its discretion, DENIES Defendant's motion to certify for interlocutory appeal this Court's order denying Defendant's motion for summary judgment pursuant to 28 U.S.C. section 1292(b).

**IT IS SO ORDERED.**

Dated: December 5, 2023

JEFFREY S. WHITE
United States District Judge

3