UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO HILTON, INC.,<br><br>    Defendant. | Case No. 14-cv-01523-JSW<br><br>**ORDER RE MOTION TO DECERTIFY**<br><br>Re: Dkt. No. 205 |

The Court has received Defendant's motion to decertify. (Dkt. No. 205.)

In its Class Certification Order, the Court noted that "[d]eciding this question will be premised upon common evidence regarding what reasonable customers would have understood about the service charge and will rely upon a limited set of discrete documents provided to customers by Defendant (contracts, Banquet Event Order forms (BEOs), menus/website, and check receipts)." (Dkt. No. 122).

Defendant moves to decertify the class on grounds that post-certification discovery has revealed a lack of common evidence. Specifically, Defendant contends that the relevant contracts vary to the degree that they no longer qualify as a "discrete" or "limited" set. (Dkt. No. 205 at 7–9.) Defendant contends that this discovery undermines the basis of Court's certification of the class, which was premised at least in part on the Court's finding that a "limited set of discrete documents" existed. (*Id.*)

Plaintiffs contend that the contracts in question remain sufficiently similar to support class certification. In support, Plaintiffs offer an attorney declaration stating that Defendant's event contracts fall into one of five categories, depending on whether they use the term "gratuity" or "service charge" and whether they include a disclaimer or detailed breakdown explaining how the

service charge is distributed. (Dkt. 209 at 14.) Defendant notes that Plaintiffs' counsel's declaration does not provide examples of contracts that would fit into these categories or explain how these categories were devised. (Dkt. 217 at 2–6.) Defendant further notes that counsel does not purport to have reviewed every contract such that she has the personal knowledge necessary to support her declaration. (*Id.* at 3.)

The Court provides Plaintiffs with an opportunity to provide any further evidence to demonstrate that the relevant set of contracts remain sufficiently "discrete" and "limited" to support class certification by August 29, 2024. *See Grayson v. 7-Eleven, Inc.*, 2011 WL 2414378 (S.D. Cal. June 10, 2011) (The court could not "simply rely on counsel's assurances that applying the laws of various states would not overwhelm a finding of predominance, rather, counsel must affirmatively demonstrate the accuracy of the assertion.")

IT IS SO ORDERED.

Dated: August 9, 2024

JEFFREY S. WHITE
United States District Judge