Shannon Liss-Riordan (SBN 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801

*Attorney for BAIKUNTHA KHANAL, et al, individually and on behalf of all others similarly situated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAIKUNTHA KHANAL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO HILTON, INC.<br><br>Defendant. | Case No. 4:14-cv-01523-JSW<br><br>*Assigned to:*<br>*Hon. Jeffrey S. White, Ctrm. 5 – 2nd Floor*<br><br>**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**<br><br>Operative Compl.: February 2, 2026<br>Trial: None Set |

The Court, having heard argument and reviewed briefing related to Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Attorney's Fees, Costs, and Service Award, **ORDERS** as follows:

1. The Court grants the Motion for Final Approval of Class Action Settlement and grants final approval of the settlement. This order adopts the definitions of capitalized terms set forth in the Settlement Agreement unless otherwise specified.

2. This Court has personal jurisdiction over all members of the Settlement Class and subject matter jurisdiction to approve the Settlement Agreement.

3. The Court confirms its previous certification of the following Settlement Class, for settlement purposes, pursuant to Federal Rule of Civil Procedure 23: All non-managerial Banquet department servers and bussers who were employed at the San Francisco Union Square Hilton during the Class Period of January 6, 2010 through March 24, 2026 and who have received a portion of the food and beverage service charge for banquet events.

4. The Court confirms its previous appointment of Baikuntha Khanal as the class representative.

5. In accordance with Plaintiff's Motion for Attorneys' Fees, Costs, and Service Award, the Court finds that the requested service award is fair and reasonable, and orders the award of $20,000 to be paid to Baikuntha Khanal.

6. The Court confirms its previous appointment of the law firm of Lichten & Liss-Riordan, P.C. as class counsel.

7. The Court finds that class counsel and the class representative have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

8. The Court hereby awards to class counsel attorneys' fees in the amount of $3,000,000 and litigation costs and expenses in the amount of $124,147.31 to be paid exclusively from the Gross Settlement Amount, as defined in the Settlement Agreement.

9. The Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by

counsel in this case; (2) the significant risks and complex issues involved in this case, which required a high level of skill and a high quality of work to overcome; (3) the fees' contingency upon success, which meant class counsel risked time and effort and advanced costs with no guarantee of compensation; (4) the range of awards made in similar cases, which justifies the award requested here, which represents one-third of the Settlement Amount; and (5) the notice and opportunity to object available to members of the Settlement Class and the absence of any compelling objections. The Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

10. The Court confirms its previous appointment of Analytics Consulting LLC as the Settlement Administrator and finds that it has so far fulfilled its duties under the Settlement.

11. The Court orders that $19,380 be paid from the Gross Settlement Amount to the Settlement Administrator for expenses relating to notice and administration of the Settlement.

12. The Court finds that the Class Notice (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to exclude themselves from or object to the proposed settlement and to appear at the Final Approval Hearing; and (iii) met all requirements of Rule 23 and due process.

13. The Court approves the Opt-Out List (consisting of one class member, Susan Donahue) and determines that it is a complete list of all Settlement Class Members who have timely and properly requested exclusion from the Settlement Class.

14. The Court approves the Plan of Allocation set forth in Section 9 of the Settlement Agreement.

15. The Court confirms its previous findings in the Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement that, for settlement purposes only, the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

16. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court approves the Settlement set forth in the Settlement Agreement, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate and in the best interests of the Named Plaintiff and members of the Settlement Class and is consistent and in compliance with all requirements of due process and federal law. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Named Plaintiff, members of the Settlement Class, and the Defendant. The Court further finds that the Parties have evidenced full compliance with the Court's Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement. The Settlement shall be consummated pursuant to the terms of the Settlement Agreement, which the Parties are hereby directed to perform.

17. This Settlement Agreement and the Final Approval Order and Judgment shall be binding, and have res judicata and preclusive effect, including as to Settlement Class Members who may not have received actual notice of the Action or the proposed Settlement.

18. Upon the Effective Date, Plaintiff and all Settlement Class Members not included in the Opt-Out List, and their Legally Authorized Representatives, heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and released Hilton and the Released Parties from all claims alleged in or arising from the facts and theories that were or could have been asserted based on the allegations asserted in any of the complaints filed in the Action, including claims alleged in or arising from the facts and theories that were or could have been asserted based on the allegations asserted in any of the complaints filed in the Action under the California Unfair Competition Law, Business and Professions Code § 17200, et seq. and California Labor Code §§ 203, 204b, 226, 350, and 351, that accrued during the Class Period, and shall be bound by the provisions of the Settlement Agreement. Further, Plaintiff and all such

Settlement Class Members shall by operation of this Order and the accompanying Judgment be permanently barred and enjoined from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all of the Released Claims.

19. The Parties, without further approval from the Court, may agree to and adopt such amendments, modifications, and expansions of the Agreement, including all Exhibits thereto, as: (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of Settlement Class Members.

20. Upon completion of administration of the settlement, the parties shall file a declaration setting forth that claims have been paid and that the terms of the settlement have been completed.

21. This Judgment is intended to be a final disposition of the above captioned action in its entirety, and is intended to be immediately appealable.

22. This Court shall retain exclusive jurisdiction with respect to all matters related to the administration, enforcement, and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

**IT IS SO ORDERED.**

Dated: August 14, 2026

HONORABLE JEFFREY S. WHITE
U.S. DISTRICT COURT JUDGE